UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ANDRE S. PENDERMON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 19-256-DCR |
| | ) |
| v. | ) |
| | ) |
| MADISON COUNTY DETENTION | ) **MEMORANDUM OPINION** |
| CENTER, et al., | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Andre Pendermon has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] This matter is pending for initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Pendermon indicates that was employed in the spring of 2019 as an inmate trustee in the kitchen area of the Madison County Detention Center ("MCDC"). He alleges that during a two-month period he engaged in sexual relations with Erika Jackson, a supervisory employee of Kellwell Food Service ("Kellwell"), while another inmate stood watch. Pendermon further claims that Jackson gave the two food in exchange for keeping quiet. Further, she allegedly advised the two that they would lose status as trustees if they told anyone of her actions.

---

[1] When testing the sufficiency of the plaintiff's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). However, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

-1-

Jackson was later arrested by state police and charged with rape and sodomy. Pendermon alleges that he these events caused trauma and bumps on his genitals. He seeks $3.5 million in damages from MCDC and Kellwell. [Record No. 1 at 4-5] But at a minimum, Pendermon's Complaint is subject to dismissal without prejudice because he admits that MCDC has a grievance policy but that he never filed an inmate grievance, either while he was incarcerated in Madison County or after his transfer to the Montgomery County Jail. [Record No. 1 at 6, 7]

Federal law requires a prisoner to pursue and exhaust any available administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Pendermon claims that he did not file a grievance because he feared losing his position as a trustee and retaliation from other inmates for disclosing Jackson's conduct. [Record No. 1 at 8] These professed fears, however, did not stop Pendermon from telling Lt. Deanna Anglin and Chief Tom Jones about Jackson's conduct, resulting in the involvement of the Kentucky State Police. *Id*. These alleged fears, therefore, were manifestly insufficient to render the grievance process wholly unavailable, and Pendermon's failure to pursue MCDC's formal grievance process renders his claims unexhausted.

Pendermon's only claim is that the defendants violated the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq*. ("PREA"). [Record No. 1 at 3] PREA is primarily a funding statute: it does not create rights enforceable by a private party in a civil action. *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (collecting cases); *see also Montgomery v. Harper*, No. 5: 14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("... PREA does not

create a private cause of action which can be brought by an individual plaintiff."); *Chapman v. Willis*, No. 7: 12-CV-389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."). Thus, dismissal would be required even if Pendermon had exhausted his available remedies.

Finally, Pendermon does not allege violation of any of his constitutional rights, but any such claims would fail if he had made such claims. Even liberally construing his claim against MCDC as asserted against Madison County itself (*see Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.")), Pendermon does not allege that Jackson's conduct was undertaken pursuant to an established policy or custom of either Madison County or Kellwell. A county government (or a private company operating under contract with one) is only liable under § 1983 when its employees cause injury by carrying out their employer's formal policies or practices. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). As a result, to proceed with such a claim, a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Here, Pendermon points to no such policy. Therefore, his Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Plaintiff Andre Pendermon's Complaint [Record No. 1] is **DISMISSED**, with prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: July 7, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge